DOUGLAS NEISTAT, ESQ. (State Bar No. 055961)
dneistat@greenbass.com
MICHAEL J. CONWAY, ESQ. (State Bar No. 180604)
mconway@greenbass.com
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel:  (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Creditor
Cindy Magleby



**FILED & ENTERED**

**AUG 10 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell  **DEPUTY CLERK**

**CHANGES MADE BY COURT**

<u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CURTIS C. MAGLEBY,<br><br>        Debtor. | Case No.: 2:16-bk-15322-RK<br><br>(Chapter 11)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CREDITOR CINDY MAGLEBY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date:    June 22, 2016<br>Time:    11:00 a.m.<br>Ctrm:    1675 |

      The Motion for Relief from the Automatic Stay ("Motion") filed by Creditor Cindy Magleby ("Creditor") against Debtor Curtis C. Magleby ("Debtor") came on for hearing at 10:30 a.m. on June 21, 2016 and again at 11:00 a.m. on June 22, 2016 before the undersigned United States Bankruptcy Judge.  The Motion affects the nonbankruptcy action entitled *In re Marriage of Magleby*, Case No. BD612825, pending before the Superior Court for the State of California, County of Los Angeles (the "Family Law Court").  Debtor filed an opposition ("Opposition") to the Motion.  Creditor filed a reply ("Reply") to the Opposition.  Michael J. Conway, of the law firm of Greenberg & Bass, appeared for Creditor.  Alan F. Broidy and Illyssa I. Fogel, of the Law Offices of Alan F. Broidy, APC, appeared for Debtor.  After the court stated its rulings on the Motion at the hearing on June 22, 2016, the parties lodged proposed alternative forms of order on the Motion on August 8 and 9, 2016, which the court has now considered.

1314666.2 -- 32039.0001

1   After review of the moving papers, any opposition papers, and any reply papers, and all documents in support thereof, hearing the argument of counsel, considering the alternative forms of order submitted by the parties, and for the reasons stated on the record and good cause appearing therefor, IT IS HEREBY ORDERED that the Court GRANTS IN PART and DENIES IN PART Creditor's Motion pursuant to 11 U.S.C. § 362(d)(1) as follows:

(1)   The Court denies without prejudice Creditor's request that this Court "defer to the Family Law Court regarding who will have the responsibility for paying the mortgage on the family residence." The denial is without prejudice to Creditor seeking a determination from the Family Law Court to characterize such obligations as support obligations. The denial is also without prejudice to Creditor filing the appropriate motion before this Court to authorize the payment of such support out of estate property.

(2)   The Court denies without prejudice Creditor's request that this Court "defer to the Family Law Court regarding who will have the responsibility for paying repairs of over $500 for the maintenance of the family residence." The denial is without prejudice to Creditor seeking a determination from the Family Law Court to characterize such obligations as support obligations. The denial is also without prejudice to Creditor filing the appropriate motion before this Court to authorize the payment of such support out of estate property.

(3)   The Court denies without prejudice Creditor's request that this Court "defer to the Family Law Court regarding who will have the responsibility for paying the property taxes relating to the family residence." The denial is without prejudice to Creditor seeking a determination from the Family Law Court to characterize such obligations as support obligations. The denial is also without prejudice to Creditor filing the appropriate motion before this Court to authorize the payment of such support out of estate property.

(4)   The Court denies without prejudice Creditor's request that this Court "defer to the Family Law Court regarding who will have the responsibility for paying the homeowners' insurance on the family residence." The denial is without prejudice to Creditor seeking a determination from the Family Law Court to characterize such obligations as support obligations. The denial is also without prejudice to Creditor filing the appropriate motion before this Court to authorize the



1  payment of such support out of estate property.

2      (5)    The Court grants Creditor's request that this Court "defer to the Family Law Court
3  regarding the issue of who will have the right to exclusive occupancy over the family residence"
4  only to the extent that the Family Law Court determine Debtor's ability to physically access the
5  family residence based on appropriate considerations under the California Family Code and other
6  applicable law.  In this regard, the court does not adopt the language proposed in Debtor's alternative
7  proposed form of order that "Debtor may have access to the Property in a civil and non-disruptive
8  way that reflects an adult relationship" because this court believes that the Family Law Court is in a
9  better position to evaluate the concerns raised by this proposed language in a family law context.
10  However, Debtor may file an application with this court for access to the family residence (also
11  known as "the Property") , which is property of the bankruptcy estate, for a specific bankruptcy law
12  purpose on an incident-by-incident basis with reasonable notice to Creditor and her counsel pursuant
13  to the rules of this court.



14      (6)    The Court grants Creditor's request that this Court "defer to the Family Law Court
15  regarding the issue of who will have the right to exclusive control over the GMC Yukon Denali
16  automobile," because Creditor has possession of the said vehicle and has agreed to make the
17  automobile insurance payments relating to the said vehicle.

18      (7)    The Court denies without prejudice Creditor's request that "Debtor be ordered to
19  immediately pay the Smith-Ostler percentage already ordered by the Family Law Court to be paid by
20  Debtor to Creditor for child support (totaling $21,380) and spousal support (totaling $56,621)."  The
21  denial is without prejudice to Creditor filing the appropriate motion before this Court to authorize
22  the payment of such support out of estate property.

23      (8)    The Court denies without prejudice Creditor's request that "Debtor be ordered to
24  immediately pay the Smith-Ostler percentage of Creditor's share of Debtor's bonus of Restricted
25  Stock Units ("RSUs") as additional support payments as soon as those RSUs have vested over the
26  next three years."  The denial is without prejudice to Creditor filing the appropriate motion before
27  this Court to authorize the payment of such support out of estate property at the appropriate time.

28      (9)    The Court denies without prejudice Creditor's request that "Debtor be ordered to pay

Creditor's attorneys' fees/costs and accountants' fees/costs as may be awarded by the Family Law Court in connection with any matters involving the pending Divorce Action." The denial is without prejudice to Creditor seeking a determination from the Family Law Court to characterize such obligations as support obligations. The denial is also without prejudice to Creditor filing the appropriate motion before this Court to authorize the payment of such amounts out of estate property.

(10) The Court denies without prejudice Creditor's request that this Court defer to the Family Law Court regarding who will have "the right to claim any tax deductions relating to the family residence and any other community property assets," because the said property is property of the estate.

(11) The Court grants Creditor's request that this Court defer to the Family Law Court regarding the determination of the amount and allocation of any future bonuses that Debtor receives for purposes of spousal and child support. However, Creditor must file the appropriate motion before this Court to authorize the payment of such support out of estate property.

(12) The Court grants Creditor's request that Creditor be permitted to engage in any and all forms of discovery in the Divorce Action relating to support and custody issues only without violating the automatic stay. To the extent Creditor seeks to conduct discovery in the Divorce Action regarding issues other than support and custody, relief from stay is denied.

///

///

///

1314666.2 -- 32039.0001

1    ~~(13)    The 14-day stay prescribed by Fed. R. Bankr. Proc. 4001(a)(3) is waived; and~~

2    ~~(14)    This Order is binding and effective in any bankruptcy case commenced by or against~~
3    ~~the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the~~
4    ~~relief set forth in this Order.~~

5    Relief from the automatic stay is only granted to the extent allowed herein.

6    The court declines to adopt the alternative proposed form of order lodged by Debtor because
7    the court requested Creditor as the Movant to lodge the proposed form of order and the proposed
8    form of order lodged by Creditor as modified adequately reflects the court's rulings.

9    IT IS SO ORDERED.

10                                            ###

24    Date: August 10, 2016                    _____
                                               Robert Kwan
25                                             United States Bankruptcy Judge

1314666.2 -- 32039.0001