FILED & ENTERED

OCT 31 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum      DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**CURTIS C. MAGLEBY,**<br><br>　　　　Debtor. | Case No. 2:16-bk-15322-RK<br><br>Chapter 11<br><br>**ORDER SETTING HEARING ON DEBTOR'S EMERGENCY EX-PARTE APPLICATION FOR AUTHORITY TO PAY POST-PETITION FEE OF FAMILY LAW MEDIATOR RETIRED JUDGE JILL ROBBINS AND REQUIRING DEBTOR TO GIVE NOTICE**<br><br>**Hearing Date:**<br>Date:　　　　November 29, 2016<br>Hearing Time:　2:30 p.m.<br>Courtroom:　　1675, 16th Floor<br>　　　　　　　Roybal Federal Building<br>　　　　　　　255 E. Temple St.<br>　　　　　　　Los Angeles, CA 90012 |

　　　Pending before the court is the "Emergency Ex-Parte Application for Authority to Pay Post-Petition Fee of Family Law Mediator Retired Judge Jill Robbins" ("Application"), ECF 117, filed by Debtor Curtis C. Magleby ("Debtor"). The Application is signed by Illyssa I. Fogel, of counsel to the Law Offices of Alan F. Broidy, APC.

1    Through the Application, Debtor requests court authority to pay family law
2 mediator, Superior Court Commissioner, Retired, Jill Robbins $5,775.00, from funds of
3 the bankruptcy estate, for services of the mediator in mediating the disputes with creditor
4 Cindy S. Magleby. *Id.* Debtor did not set the Application for hearing, but rather seeks *ex*
5 *parte* consideration of the Application on an emergency basis. *Id.* Attached to the
6 Application was an invoice from Judge Robbins dated October 12, 2016 for a mediation
7 session of 2.75 hours on October 10, 2016 in the amount of $1,925.00 and for a further
8 mediation session of 4.0 hours on November 2, 2016 in the amount of $2,800.00, plus
9 estimated preparation time of 0.5 hour in the amount of $350.00 and per diem driving
10 time of 1.0 hour in the amount of $700.00. The invoice stated that the balance due was
11 payable by October 19, 2016.
12    While the court had encouraged the parties to mediation, and Judge Robbins
13 appears to be a good choice based on her experience as a family law commissioner and
14 private mediator, the court does not sanction Debtor's failure to make sure that the
15 applicable rules are followed with respect to the authorization of use of estate funds out
16 of the ordinary course of business. The court recognizes that this is not Debtor's fault
17 personally, and this is not the fault of Judge Robbins, who was good enough to allow a
18 first mediation session without advance payment, but the fault of his counsel, particularly,
19 Ms. Fogel.
20    There are several problems with this Application. First, Debtor through his counsel
21 has already incurred the obligation on behalf of the bankruptcy estate to pay the mediator
22 for her services in the amount of $1,925.00 for the mediation session on October 10,
23 2016 without complying with 11 U.S.C. § 363(b)(1) and Federal Rule of Bankruptcy
24 Procedure 2002(a)(2). Apparently, the Application seeks *nunc pro tunc* approval by this
25 court to authorize the payment of this expense from estate funds, but does not expressly
26 say so.
27
28

1    Second, Judge Robbins invoiced Debtor for the upcoming further mediation session on November 2, 2016 on October 12, 2016 with the balance due on October 19, 2016.  Understandably, Judge Robbins expects to be paid for her time, and that is why she invoiced Debtor well in advance of the further mediation session on November 2, 2016.  Presumably, Debtor and his counsel, Ms. Fogel, received the invoice on the date stated on October 12, 2016.   This court does not understand why the Application was not filed earlier and why counsel, Ms. Fogel, waited over two weeks from the invoice date to file the Application with the court late Friday afternoon, October 28, 2016 at 3:35 p.m. before the second mediation session on the following Wednesday, November 2, 2016, and calling this an "emergency" and requesting *ex parte* consideration.  Counsel's procrastination brings to mind that T-shirts are available for purchase online that state: "Your Procrastination is Not My Emergency."  Counsel's procrastination is not the court's emergency.  (Probably Counsel knew earlier to seek court authorization to use estate funds out of the ordinary course of business when she arranged for Judge Robbins's mediation services for the first session on October 10, 2016, which makes the situation more egregious.)

    Third, nowhere in the Application is there any legal authority cited in support of the Application, making it just a memorandum of points rather one of points and authorities.  *See* Local Bankruptcy Rule 9013-1(c)(3)(B)("There must be served and filed with the motion and as a part thereof:  . . . (B) A written statement of all reasons in support thereof, together with a memorandum of points **and authorities** upon which the moving party will rely.")(emphasis added).   This Application seeks authorization to use estate funds out of the ordinary course of business, which is subject to the requirements of 11 U.S.C. §363(b)(1) and Federal Rule of Bankruptcy Procedure 2002(a)(2).  Pursuant to 11 U.S.C. § 363(b)(1), "[t]he trustee, after notice and a hearing, may use . . . other than in the ordinary course of business, property of the estate . . . ."  Furthermore, the applicable rules for notice of motions to sell or use estate property out of the ordinary course of

business under 11 U.S.C. § 363(b)(1) are Federal Rules of Bankruptcy Procedure 9013 and 2002(a)(2), which provide that the debtor shall give all creditors at least 21 days' notice by mail of a proposed use of property of the estate other than in the ordinary course of business, but there is an exception where the court "for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2); Fed. R. Bankr. P. 9013 (the Application is a motion which is a request for an order, which is to be served by the moving party); *see also,* Local Bankruptcy Rule 9013-1.  The applicable local rule for emergency consideration of motions is Local Bankruptcy Rule 9075-1 which provides for hearings on emergency motions or motions on shortened time **with** notice; the local rule does not provide for *ex parte* consideration of the Application for the relief requested here.  These rules requiring notice are for the protection of creditors whose interests are affected by use of estate property out of the ordinary course of business and may not be circumvented here based on a self-declared emergency by Debtor's counsel for her delay and procrastination in filing this Application.

Having reviewed the Application, because Debtor did not properly set the matter for hearing, nor did he give creditors proper notice as required by 11 U.S.C. § 363(b)(1) and Federal Rules of Bankruptcy Procedure 2002(a)(2) and 9013, and it appears to this court that the Application is simply an attempt to flout these rules, the court hereby orders as follows:

1. The court sets the Application for hearing before the undersigned United States Bankruptcy Judge on November 29, 2016 at 2:30 p.m. in Courtroom 1675, Roybal Federal Building, 255 E. Temple St., Los Angeles, California, 90012.

///

///

2. Debtor must serve copies of a notice of the hearing, the Application and a copy of this order on all parties required by Federal Rules of Bankruptcy Procedure 2002(a)(2) and 9013, including all creditors, on or before November 8, 2016 and file a declaration of service that notice has been given pursuant to this order.

IT IS SO ORDERED.

### 

Date: October 31, 2016

Robert Kwan
United States Bankruptcy Judge