Illyssa I. Fogel, CA State Bar No. 145876
ILLYSSA I. FOGEL & ASSOCIATES
815 N. La Brea Ave., No. 78
Inglewood, CA 90302
V: 888.570.7220
F: 888.570.7220
Email: ifogel@iiflaw.com

Attorney for the Debtor

**FILED & ENTERED**

AUG 02 2017

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

<u>NOT FOR PUBLICATION</u>

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**CURTIS C. MAGLEBY,**<br><br>Debtor. | Case No. 2:16-bk-15322-RK<br><br>Chapter 11<br><br>**ORDER DENYING MOTION OF CREDITOR CINDY S. MAGLEBY MANDATING AND DIRECTING PAYMENT OF ADMINISTRATIVE SUPPORT CLAIMS PURSUANT TO 11 U.S.C. § 105(a), 11 U.S.C. § 1129, and 11 U.S.C. § 362 [Dkt. 247]**<br><br>Date:  July 26, 2017<br>Time:  1:30 p.m.<br>Ctrm:  1675, 16th Floor<br>       255 E. Temple Street<br>       Los Angeles, CA  90012 |

This matter came before the Court at the above-stated date and time for the continued hearing on the Motion (the "Motion") of Creditor Cindy S. Magleby for Order Mandating and Directing Payment of Administrative Support Claims pursuant to 11 U.S.C. § 105(a), 11 U.S.C. § 1129, and 11 U.S.C. § 362. [Dkt. 247]   Appearances at the hearing were as noted on the record.

The Court, having read and considered the Motion and all documents filed in support of the Motion and having read and considered all documents filed in opposition to the Motion, having heard and considered the arguments of counsel at the various hearings held on the Motion, having stated its

reasons for a ruling on the Motion in the Court's tentative ruling issued initially on May 1, 2017 (a copy of the tentative ruling is attached hereto), for the hearing on the Motion held on May 2, 2017, and which tentative ruling was not revised or modified thereafter and was adopted as the Court's reasons for its ruling on the motion, and good cause appearing therefore,

**HEREBY ORDERS** that the Motion is denied.

### # # #

Date: August 2, 2017

_____
Robert Kwan
United States Bankruptcy Judge

ATTACHMENT – TENTATIVE RULING ON MOTION

The court is inclined to deny the motion because movant seeks payment of her prepetition claim, though may be entitled to priority (for purposes of this motion, the court assumes that the claim has priority status absent an objection to the claim, Fed. R. Bankr. P. 3001(f)), outside a plan in this Chapter 11 bankruptcy case.  (The court disagrees with movant that her claim is postpetition in that she obtained an order postpetition from the family law court that she has a right to payment from an asset, the bonus earned for debtor's postseparation, prepetition services in 2015, making it a prepetition asset, in which she apparently has a prepetition claim awarded by the family law court, though it appears that it is in the nature of support  since it is intended to pay for attorneys' fees incurred to obtain support, but the court need not determine the specific character of the claim, except as to its prepetition status. The claim would not be a postpetition administrative expense claim under 11 U.S.C. 503(b) since there is no showing that such claim is for postpetition expenses actually and necessarily benefitting the estate.)  As to movant's argument that the court has authority to make distributions in a Chapter 11 case outside a plan pursuant to 11 U.S.C. 105(a), "[t]he general rule is that distribution on pre-petition debt should not take place except pursuant to a confirmed plan of reorganization, absent extraordinary circumstances."   In re Air Beds, Inc., 92 B.R. 419, 422 (9th Cir. BAP 1988); see also, Czyzewski v. Jevic Holding Corp. 580 U.S. ___, ___, 137 S.Ct. 973, 985-986 (2017)(dicta observing that the bankruptcy court may not approve interim distributions in violation of priority absent significant Bankruptcy Code-related objectives) .  The motion does not sufficiently present extraordinary circumstances here. Moreover, the court lacks general authority to deviate from the express procedural safeguards of the Bankruptcy Code under 11 U.S.C. § 105(a).  Law v. Siegel, 571 U.S. __, ___,  134 S.Ct. 1188, 1194-1198 (2014)(exemptions under 11 U.S.C. § 522); Czyzewski v. Jevic Holding Corp. , 137 S.Ct. at 983-988 (structural dismissals under 11 U.S.C. §§1112 and 349. Appearances are required on 5/2/17, but counsel may appear by telephone.

– 3 –

ORDER DENYING MTN MAND. & DIRECTING PMT. OF ADMIN. SUPPORT CLAIM