

**FILED & ENTERED**

**SEP 21 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CURTIS C. MAGLEBY,<br><br>                    Debtor. | Case No. 2:16-bk-15322-RK<br><br>Chapter 11<br><br>**ORDER TAKING DEBTOR'S MOTION FOR ORDER DISALLOWING CLAIM OF BANC OF CALIFORNIA, N.A., OFF CALENDAR AND VACATING THE HEARING**<br><br>**Vacated Hearing**<br>Date:         September 27, 2017<br>Time:         11:00 a.m.<br>Courtroom: 1675 |

Pending before this court is the Motion of Debtor Curtis Magleby for Order Disallowing Claim of Banc of California, N.A., (Claim No. 8) ("Motion") (Docket No. 372) filed on August 21, 2017 which was noticed for hearing on September 27, 2017 at 11:00 a.m.  Debtor filed a Notice of Hearing on Motion ("Notice") (Docket No. 373) on August 21, 2017.  Claimant Banc of California ("Claimant") filed an Opposition to Motion to Disallow Claims of Banc of California, N.A. ("Opposition") (Docket No. 380) on September 13, 2017.  Debtor is represented by Illyssa I. Fogel, of the law firm of Illyssa I. Fogel & Associates.  Claimant is represented by J. Barrett Marum and Lisa S. Yun, of the law firm of Sheppard, Mullin, Richter & Hampton, LLP.

1 The court takes the Motion off calendar and vacates the hearing on the Motion
2 on September 27, 2017 because Debtor and Clamant did not provide the presiding
3 judge with properly formatted judge's copies of the Motion and the Opposition.  The
4 court received double-sided copies of the Notice, Motion, and Opposition from both of
5 these parties, which does not comply with the procedural requirements for filing papers
6 with the court as set forth in the Court Manual Section 2.5(b)(2)(E), which requires that
7 all pages of each document (including exhibits) filed or lodged with the court, including a
8 document served as a judge's copy, must be printed on only one side of the paper.
9 Debtor's Motion consisting of 161 pages was especially awkward to handle and read
10 double-sided with 10 untabbed attachments and numerous untabbed subexhibits.
11 Claimant's Opposition was not only double-sided, but the even-numbered pages were
12 upside down (as a side note, the court observes that Claimant's counsel declaration in
13 support of the Opposition was in proper form, single-sided and tabbed, but it is unclear
14 why the formatting of its papers was so inconsistent.)  The court does not understand
15 why counsel did not conduct any quality review of these papers before they were
16 submitted to the court to make sure that they were in proper form.
17 In addition, the judge's copy of the Motion was not properly tabbed pursuant to
18 Local Bankruptcy Rule 5005-2(d)(1) and Court Manual Section 2.5(b)(2)(H)(ii)(ll), which
19 requires that the exhibits to the judge's copy must be separately tabbed.  On September
20 7, 2017, chambers left a voicemail message for counsel for Debtor to correct these
21 deficiencies, and counsel neither served a corrected judge's copy nor responded to the
22 chambers call.
23 In order for the court to enforce its procedural requirements, the court will not
24 consider the Notice, Motion or Opposition unless proper judge's copies are provided in
25 accordance with its procedural requirements and thus, takes the hearing on the Motion
26 off calendar.  Counsel's lack of responsiveness to the courtesy call of chambers was a
27 contributing factor for the court's determination of a need to enforce its procedural rules
28 by taking the Motion off calendar.  Debtor may renotice the Motion for hearing on 14

1 days notice after he complies with the requirements of providing a proper single-sided
2 and tabbed judge's copy of his documents.  The court will not consider Claimant's
3 Opposition unless it provides a proper right-sided judge's copy of its document.
4     No appearances are required on the Motion on September 27, 2017.
5     IT IS SO ORDERED.
6                              ###

Date: September 21, 2017

_____
Robert Kwan
United States Bankruptcy Judge