

**FILED & ENTERED**

**MAY 12 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CURTIS C. MAGLEBY,<br><br>                 Debtor. | Case No. 2:16-bk-15322-RK<br><br>Chapter 11<br><br>**ORDER (1) DENYING DEBTOR'S MOTION TO DISALLOW NEWLY SCHEDULED BUT UNASSERTED CLAIMS OF CITIBANK, BANK OF AMERICA, AND CAPITAL ONE (CLAIMS OF CREDITORS OF CINDY S. MAGLEBY) [GROUP 2] WITHOUT PREJUDICE; AND (2) VACATING HEARING**<br><br><u>Vacated Hearing</u><br>Date:    May 19, 2021<br>Time:    11:00 a.m.<br>Courtroom: 1675 |

    Having considered Debtor's Motion to Disallow Newly Scheduled but Unasserted Claims of Citibank, Bank of America, and Capital One (Claims of Creditors of Cindy S. Magleby) [Group 2] ("motion") (Docket No. 854), filed on April 1, 2021, pursuant to Local Bankruptcy Rule 9013-1(j)(3), the court determines that oral argument is not necessary and dispenses with oral argument on the motion, takes the motion under submission and denies the motion without prejudice. As discussed below, the motion is denied for insufficient service of process and notice to the affected creditors.

Debtor Curtis C. Magleby seeks to disallow the "newly scheduled but unasserted claims" of Citibank, Bank of America and Capital One (collectively the "banks"). Debtor treats this motion like an objection to proofs of claim. For notice, Debtor used Mandated form F 3007-1.1.NOTICE.OBJ.CLAIM (Docket No. 856) and argues the proof of claim statutes and rules apply in this case; however, the banks never filed proofs of claim.

As recited in the motion, on February 24, 2020, post-petition, Debtor entered into a marital settlement agreement with his ex-wife, Cindy Magleby, and agreed to pay debt she owed on credit cards that were under her name only. It appears the credit card charges were prepetition community debts that Debtor agreed to pay post-petition. The relevant part of the marital settlement agreement states:

> Within 60 days of confirmation of the Chapter 11 Bankruptcy Plan, Petitioner [Debtor] shall pay the sum of $55,000 on behalf of credit card debt incurred pre-separation held in Respondent's [Mrs. Magleby's] name, which $55,000 shall be paid by Petitioner directly to the credit card companies, including but not limited to Citi Bank, Capital One and Bank of America. Petitioner shall indemnify and hold Respondent harmless from the credit card debt.

Motion to Approve Compromise (Docket No. 777), Exhibit A, Deal Memorandum, IRMO Magleby (LASC Case Number BD 612 825), page 22, paragraph 14. Debtor argues in the motion that because he scheduled this credit card debt, listed the debt was "disputed," and the October 31, 2020 claims bar date has passed, any potential claims the banks may have had relating to this debt should not be allowed. The court does not reach the merits of Debtor's argument because the motion is procedurally defective.

First, Debtor has not given the banks proper notice of the Amended Schedule E/F, listing these potential claims of the banks. Initially, Debtor did not schedule any such credit card obligations owed to Citibank, Bank of America or Capital One on his original bankruptcy schedules (Docket No. 18, filed on May 9, 2016). On August 17, 2020, Debtor filed an Amended Schedule E/F (Docket No. 829), indicating disputed debts to Citibank of $6,512 (for account no. 3239) and $20,016 (for account no. 2559); to Bank of America of $44,716.56 (for account no. 8120); and Capital One of $26,814 (account no. 8363). Amended Schedule E/F, ¶¶ 4.1, 4.2, 4.3, 4.4 (Docket No. 829).

These newly scheduled debts totaled $98,058.56.[1]

There is no evidence that Debtor properly served copies of the Amended Schedule E/F on the banks, which are the creditors affected by the Amended Schedule pursuant to Federal Rule of Bankruptcy Procedure 1009(a).  *See also, In re Woodson*, 839 F.2d 610, 615 (9th Cir. 1988).  Debtor did not attach a proof of service to Amended Schedule E/F, Docket No. 829, filed with the court, but on the same day of the filing of the Amended Schedule E/F, Debtor filed a separate Notice to Creditors of Amendment of Schedule E/F ("Notice to Creditors") (Docket No. 831).  However, the Notice to Creditors of Amendment of Schedule E/F did not include a copy of Amended Schedule E/F, did not mention the banks specifically by name, did not mention the amounts owed and did not acknowledge that the amounts listed in the Schedule E/F are disputed.  The Notice to Creditors merely stated that the creditors served can look up the Amended Schedule E/F on the case docket on PACER to see if they had a claim and whether the scheduled information about the claim was correct.  The addresses served for the banks listed on the proof of service of the Notice to Creditors are not publicly recognized service addresses for the banks, such as, for example, as indicated on the FDIC BankFind webpage (Citibank, National Association, FDIC No. 7213, 5800 S. Corporate Place, Sioux Falls, SD  57108; Bank of America, National Association, FDIC No. 3510, 100 N. Tryon St., Charlotte, NC  28202; Capital One, National Association, FDIC No. 4297, 1680 Capital One Dr., Mclean, VA  22102).  Thus, the physical service of the Notice to Creditors is deficient as to the banks.

However, even if physical service of the Notice to Creditors had been proper, notice is deficient because the content of the notice is insufficient to put the affected creditors on notice of the amended schedules as required by Federal Rule of Bankruptcy Procedure 1009(a), that is, telling creditors to look up on PACER another document to see if their claim information is correct is not meaningful or adequate

---

[1] The court notes that the amount scheduled is inconsistent with the amount Debtor agreed to pay ($55,000) in his settlement with Mrs. Magleby.

-3-

notice. *In re Woodson,* 839 F.2d at 615 (notice to a creditor affected by an amended schedule under Federal Rule of Bankruptcy Procedure 1009 must be "reasonable"). Moreover, even if banks were served with the Amended Schedule E/F, the amended schedule does not give the banks meaningful or adequate notice that they may have a claim against the Debtor as the amended schedule does not indicate that the debts were owed by Cindy Magleby on an account in her name, and does not give a full account number for the banks to check their records to look up the account (only providing a partial account number of four digits without other account information, such as the name and address of the account holder or other identifying information is insufficient notice).

Second, the motion is procedurally improper as Debtor seeks declaratory relief that the banks do not have a claim against the estate as none of the banks has filed a proof of claim in this case. Seeking declaratory relief that a creditor does not have a claim through a motion is improper because if a party like Debtor seeks declaratory relief, he must file an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(9).

Third, assuming *arguendo* the banks were properly served with Amended Schedule E/F, under Federal Rule of Bankruptcy Procedure 3003(c)(2), if a claim is scheduled as disputed, creditors shall file a proof a claim. If the creditor fails to file a proof of claim, the creditor "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution" according to Federal Rule of Bankruptcy Procedure 3003(c)(2). However, this assumes that the creditors were properly given notice of the bankruptcy case, which is unclear here. But as purported creditors Citibank, Bank of America and Capital One have never filed a proof of claim in this case, the court lacks authority under Federal Rule of Bankruptcy Procedure 3007 to sustain objections to claims that have never been filed.

Fourth, assuming *arguendo* that Debtor may proceed by objection to claims pursuant to Federal Rule of Bankruptcy Procedure, the motion objecting to claims is

procedurally defective. The motion is procedurally defective under Local Bankruptcy Rule 3007-1(a)(3) because a separate objection is required for each proof of claim, and there are more than one proofs of claim here. Also, each objection is a contested matter and each bank is a federally insured depository institution which must be served with the motion and notice by certified mail pursuant to Federal Rules of Bankruptcy Procedure 3007(a)(2)(A)(ii), 7004(h) and 9014. As each bank is a federally insured depository institution, Debtor is required to serve it by certified mail addressed to an officer of the institution pursuant to Federal Rules of Bankruptcy Procedure 3007(a)(2)(A)(ii) and 7004(h).

Fifth, the motion lacks supporting evidence. Pursuant to Local Bankruptcy Rules 3007-1(c) and 9013-1(c)(3)(A), movant must include documentary evidence in support of the motion objecting to claims that the claims are now time-barred as argued in the motion, including a copy of the complete proof of claim, which would presumably also include the Amended Schedule E/F, the Notice to Creditors of the Amended Schedule E/F, the Notice of the Claims Bar Date (the court also notes that the claims bar date notice did not show service on the banks at publicly recognized mailing addresses, such as on the FDIC BankFind webpage), and any specific account information, such as any credit card statements.

The motion is denied without prejudice because the motion is procedurally defective and the court does not reach the merits of the motion.

///

///

Because the court has ruled on Debtor's motion by this order, the hearing noticed on the motion for May 19, 2021 at 11:00 a.m. is vacated.  No appearances are required on the motion on May 19, 2021.

IT IS SO ORDERED.

###

Date: May 12, 2021

_____
Robert Kwan
United States Bankruptcy Judge